```
                    UNITED STATES DISTRICT COURT

                  SOUTHERN DISTRICT OF CALIFORNIA   '08 MJ 8041

UNITED STATES OF AMERICA    ) MAGISTRATE CASE No: _____
                            )
              Plaintiff,    )
                            ) COMPLAINT FOR VIOLATION OF
      v.                    ) 8 U.S.C. § 1324(a)(2)(B)(iii)
                            ) Bringing In Illegal Aliens
Luis Joaquin                ) Without Presentation (Felony)
  GODINEZ Ramirez,          )
                            )
              Defendant.    )
_____)
```

The undersigned complainant, being duly sworn, states:

That on January 19, 2008, within the Southern District of California, defendant Luis Joaquin GODINEZ Ramirez, with the intent to violate immigration laws of the United States, knowing and in reckless disregard of the fact that two aliens, namely, Gabriel GARCIA Garcia and Antonio ACOSTA Gonzalez, had not received prior official authorization to come to, enter and remain in the United States, did bring to the United States said alien and upon arrival did not bring and present said aliens immediately to a Customs Border Protection Officer at the designated port of entry; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii).

And the complainant states that this complaint is based on the attached Statement of Facts, which is incorporated herein by reference.

```
                              _____
                              Merced E. Hernandez, CBP
                              Enforcement Officer
```

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 22ND DAY OF JANUARY 2008.

```
                              _____
                              PETER C. LEWIS
                              U.S. MAGISTRATE JUDGE
```

## PROBABLE CAUSE STATEMENT

I, Customs Border Protection Enforcement Officer Leticia Casillas, declare under penalty of perjury, the following is true and correct:

On January 19, 2008 at approximately 10:30 A.M., Luis Joaquin GODINEZ Ramirez arrived at the Calexico, California, West Port of Entry, as the driver of a 1992 Chevrolet Berretta.

During the primary inspection, GODINEZ Ramirez gave a negative Customs declaration to the primary United States Customs and Border Protection Officer (CBPO) Joe Zermeno. CBPO Zermeno proceeded to ask GODINEZ Ramirez his destination of travel to which he replied Calexico, CA for business. CBPO Zermeno questioned GODINEZ Ramirez regarding the ownership of the vehicle to which he stated that the vehicle was his and he had recently purchased it. While conducting an interview CBPO Zermeno noticed GODINEZ Ramirez started to display signs of nervousness and appeared in a hurry to depart, due to his dis demeanor CBPO Zermeno opted to refer the vehicle into secondary for further inspection, and placed a referral on the windshield of the vehicle. CBPO Zermeno instructed GODINEZ Ramirez to drive into the secondary inspection area and while driving to the secondary area GODINEZ Ramirez proceeded to abscond by accelerating his vehicle northbound until coming to an abrupt stop. GODINEZ Ramirez then exited the vehicle and reached for the referral, his document and attempted to run back south into Mexico. GODINEZ Ramirez was apprehended by CBPO Lizarraga before entering Mexico and escorted into the vehicle secondary office.

UNITED STATES OF AMERICA
v.
Luis Joaquin GODINEZ Ramirez

The vehicle was then taken to the vehicle secondary area were two undocumented aliens were discovered in the trunk of the vehicle, later identified as Gabriel GARCIA Garcia and Antonio ACOSTA Gonzalez. Both males were removed from the vehicle. GARCIA Garcia and ACOSTA Gonzalez were offered medical attention and stated he felt fine and declined. All subjects were then taken to the Port Enforcement Team for further disposition.

GODINEZ Ramirez was placed under arrest and advised of his rights per Miranda in the English language by United States Customs and Border Protection Enforcement Officer (CBPOE) Leticia Casillas and witnessed by CBPO Jaime Lizarraga. GODINEZ Ramirez said he understood his rights and would answer questions without an attorney present.

GODINEZ Ramirez stated he was aware there were persons concealed within the vehicle he was driving. GODINEZ Ramirez stated that he had met a male in Mexicali at a night club who had asked him if he wanted to make money by crossing a vehicle into the U.S. GODINEZ Ramirez stated that he agreed and met the male in Mexicali at a shopping center, he was going to get paid $1000 to bring the vehicle in to the U.S.

Material Witness Gabriel GARCIA Garcia stated that he is a citizen and native of Mexico with no legal entry documents to enter, reside or pass through the United States. Gabriel GARCIA Garcia stated he had made the smuggling arrangements with

| | |
|---|---|
| 1 | UNITED STATES OF AMERICA |
| | v. |
| 2 | Luis Joaquin GODINEZ Ramirez |

an unknown female in Mexicali to be smuggled into the U.S. for $3000. GARCIA Garcia stated when that when he was instructed to get in the trunk of the vehicle there was already another male in the trunk. His final destination was to be Santa Ana, CA where he was to seek employment. When presented with a photo line-up GARCIA Garcia was unable to identify GODINEZ Ramirez.

Material Witness Antonio ACOSTA Gonzalez stated that his sister made the smuggling arraignments for him to get smuggled in to the U.S. for $3500 ACOSTA Gonzalez was put in contact with a female in Mexicali who instructed him to get in the trunk of a car. ACOSTA Gonzalez stated that once in the trunk of the car he was joined by another male.

//
//
//
//
//
//
//
//
//
//
//
//
//

| | |
|---|---|
| Material Witness: | |
| Name | Country of Birth |
| Gabriel GARCIA Garcia | MEXICO |
| Antonio ACOSTA Gonzalez | MEXICO |

Further, the complainant states that said aliens are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144. Executed on January 19, 2008 at approximately 06:39 P.M.

_____
Leticia Casillas, CBP
Enforcement Officer

On the basis of the facts presented in the probable cause statement consisting of **two** pages, I find probable cause to believe that the defendant named in this probable cause statement committed the offense on January 19, 2008 in the violation of Title 8, United States Code, § 1324.

_____          1/19/08 @ 10:07 A.M.
HON. Jan M. Adler                  Date and Time
UNITED STATES MAGISTRATE JUDGE

**FILED**
JAN 2 2 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

'08 MJ 8043

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>Joseph Michael SPENCE (1),<br><br>Francisco Javier RIOS (2),<br><br>  Defendants. | Magistrate Case No.:<br><br>COMPLAINT FOR VIOLATION OF<br><br>Title 8, U.S.C. § 1324(a)(1)(A)(ii)<br>Illegal Transportation of Alien<br>and Title 18, U.S.C. § 2, Aiding & Abetting |

The undersigned complainant being duly sworn states:

On or about January 20, 2008, within the Southern District of California, defendants Joseph Michael SPENCE and Francisco Javier RIOS, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that alien, namely, Yaqueline CUEVAS-Roman, had come to, entered and remained in the United States in violation of law, did transport and move, and attempt to transport and move, said aliens within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii) and Title 18, United States Code, Section 2.

And the complainant states that this complaint is based on the attached Statement of Facts, which is incorporated herein by reference.

MARCO A. MIRANDA
Senior Border Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 22ND DAY OF JANUARY 2008.

PETER C. LEWIS
U. S. Magistrate Judge

I, Senior Border Patrol Agent Juan Suarez declare under penalty of Perjury, the following is true and correct:

# PROBABLE CAUSE STATEMENT

The complainant states that this complaint is based upon the statements of the apprehending Border Patrol Agent J. Gutierrez, that the defendants were found and arrested on or about January 20, 2008 near Calexico, California.

At approximately 11:47 a.m., Agent Gutierrez was conducting line watch duties when he observed a suspected illegal alien, wearing a black jacket and blue jeans, climb over the International Boundary Fence and run north towards the intersection of Bowker Road and Anza Road.

As Agent Gutierrez approached Bowker Road, he observed a white PT Cruiser leaving the area quickly without making a complete stop at the intersection. Agent Gutierrez recognized the driver of the vehicle as Joseph Michael SPENCE who resides at 742 Second Street in Calexico, California. Agent Gutierrez also observed a male subject, later identified as Francisco Javier RIOS, walking north on Bowker Road from Anza Road. Agent Gutierrez stated that he recognized RIOS as a local resident, known illegal alien smuggler, and United States citizen.

As Agent Gutierrez searched the immediate area for the suspected illegal alien, he determined that the footprints lead to the stop sign located at Anza and Bowker Road. Believing that the suspected illegal alien got into a vehicle at the intersection and that the PT Cruiser was the only other vehicle in the area, Agent Gutierrez advised Agent Gustavo Avalos to perform a vehicle stop on the PT Cruiser.

Agent Avalos gained visual of the white PT Cruiser as it traveled westbound on Anza Road from Bowker Road. Agent Avalos was positioned near Rivera Avenue and Anza Road and observed the PT Cruiser as it drove past his position. Agent Avalos followed the vehicle with the suspected illegal alien driving into town. Agent Avalos attempted a vehicle stop using his emergency lights and siren to conduct an immigration interview with the occupants of the vehicle. The vehicle failed to yield. SBPA Schrader advised Agent Avalos to discontinue the pursuit.

Calexico Station Radio relayed this information to Calexico Police Department. At approximately 11:56 a.m., Calexico Police Department notified that they had the PT Cruiser in custody in a parking lot at 450 East Birch Avenue. Calexico Police also stated that they had the driver in custody.

Agent Gutierrez arrived to the scene at approximately 12:00 p.m. Upon arrival, Agent Gutierrez immediately recognized SPENCE as Calexico Police Officers had him in handcuffs sitting on the ground. Calexico Police assisted in searching the area for other occupants. Shortly after, officers encountered a female, wearing a black jacket and blue jeans, later identified as Yaqueline CUEVAS-Roman, attempting to hide behind a shed near the parking lot.

Agent Gutierrez identified himself as a Border Patrol Agent to CUEVAS and conducted a brief interview with her to determine her citizenship in the United States. CUEVAS stated that she is a citizen and national of Mexico illegally in the United States. Agent Gutierrez recognized CUEVAS, still wearing the black jacket and blue jeans, as

the individual that had climbed over the International Boundary Fence near Bravo Ranch. Agent Gutierrez then placed CUEVAS under arrest.

Agent Gutierrez believed that RIOS was involved in an illegal alien smuggling scheme with SPENCE and that they were the smugglers attempting to smuggle CUEVAS. Agent Avalos encountered RIOS and placed him under arrest.

Agent Gutierrez advised SPENCE of his Miranda Rights.

Agent Gutierrez advised RIOS of his Miranda Rights.

Material Witness Yaqueline CUEVAS-Roman claimed to be a citizen of Mexico without any immigration documents that would allow her to live, work, or remain in the United States legally. CUEVAS stated that she met an unknown smuggler while in Mexicali that offered to smuggle her into the United States for a fee of $3000. CUEVAS stated smugglers were going to assist her climb over the International Boundary Fence. CUEVAS further stated she was instructed to get into a white Chrysler upon entering the United States. CUEVAS stated that the driver of the vehicle was a male.

CUEVAS was shown two six-pack photo lineups and positively identified Photo #2, who is identified as Joseph Michael SPENCE as the driver of the white Chrysler PT Cruiser. CUEVAS further identified Photo #5, as Francisco Javier RIOS as the passenger of the white Chrysler PT Cruiser.

The complainant states that the names of the Material Witnesses are as follows:

| NAME | PLACE OF BIRTH |
|---|---|
| Yaqueline CUEVAS-Roman | Mexico |

Further, complainant states that Yaqueline CUEVAS-Roman is a citizen of a country other than the United States; that said alien has admitted that she is deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and is a material witness in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

Executed on January 21, 2008 at 10:45 ~~p.m.~~ /a.m.

_____
Senior Border Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of 2 pages, I find Probable cause to believe that the defendant named in this probable cause statement committed the offense on January 20, 2008 in violation of Title 8, United States Code, 1324.

_____
Hon. Jan M. Adler
United States Magistrate Judge

1/21/# @ 2:28 p.m.
Date/Time